**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Antonio GARCIA, Jr.,**
**Defendant–Appellant.**

**No. 88–5942**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1989.

---

Patrick M. Hunt, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, FL, Robert J. Bondi, Linda Collins Hertz, Mayra Reyler Lichter, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted of two counts of making a false statement on a loan application in violation of 18 U.S.C. §§ 1014 and 2. On appeal, appellant argues that the district court abused its discretion in admitting into evidence testimony that appellant had previously signed another individual's name to a document. We disagree and affirm appellant's convictions.

The evidence complained of was the testimony of Ernesto Hernandez, a former employee of appellant's furniture store. Hernandez testified, over defense attorney's objection, that he recalled an incident when, as a joke, appellant signed Hernandez's name on a document which purported to sell Hernandez's apartment to appellant. Appellant then ripped up the paper.

Determinations of admissibility of evidence rest largely within the discretion of the trial judge and will not be disturbed on appeal absent a clear showing of an abuse of discretion. *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir.1983). The trial court is granted broad discretion both in determining the relevance of the evidence to be admitted and in determining whether the probative value of such evidence outweighs any inherent prejudice to the defendant. *United States v. Hernandez–Cuartas*, 717 F.2d 552, 554 (11th Cir. 1983).

Fed.R.Evid. 404(b) prohibits the use of evidence of other crimes, wrongs or acts to prove the character of a person in order to show that he acted in conformity therewith in committing the current offense.[1] Appellant argues that the testimony concerning appellant's copying of Hernandez's signature was offered to show appellant's bad character or propensity to forge documents for the purpose of proving that he falsified the loan applications involved in the present case. As such, appellant argues that the testimony is inadmissible under Rule 404(b).

The relevance of the testimony is apparent. Appellant had the ability to prepare documents purporting to bear signatures which were faked. There was no question but that documents submitted to the bank on behalf of appellant were such documents; signatures were forged on them. On the other side of the relevance-prejudice

---

1. Fed.R.Evid. 404(b) provides that
    [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

balance, the testimony did not tend to prove bad character of the appellant. The incident was conceded by all to have been a joke. Appellant was not prejudiced in a trial for crime by proof that he had a tendency to make jokes. He may have been prejudiced by proof of his false signing ability, but that is not the improper prejudice which Rule 404(b) is designed to prevent. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979).

AFFIRMED.